LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
    Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP   96950

Tel:  (670) 236-2980
Fax: (670) 236-2985

**F I L E D**
Clerk
District Court

**JUN 2 9 2007**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>PAUL VILLANUEVA ADA,<br>a/k/a "PAUL MADUK,"<br><br>               Defendant. | Case Nos.:  07-000005-1<br>              07-00022-1<br><br>**PLEA AGREEMENT**<br><br>Date:<br>Time:<br>Judge:    Hon. Alex R. Munson |

      Pursuant to Rules 11(c)(1), (c)(1)(A), and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, PAUL VILLANUEVA ADA, a/k/a "PAUL MADUK," have reached a plea agreement in the above-captioned cases.  Defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,  the terms of this agreement are merely recommendations to the Court.  The Court can reject them without permitting Defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates.

      The Agreement follows:

1

1.      Defendant will plead guilty to Count 2 of the Indictment in Criminal Case Number 07-000005 which charges him with Distribution of a Controlled Substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C).  Under Rule 11(c)(1) of the Federal Rules of Criminal Procedure, Defendant will also waive presentation of a separate matter to a grand jury and consent to the filing of an Information charging him with one count of Possession With the Intent to Distribute a Controlled Substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant will plead guilty to that Information.

a.      Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following his change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b.      Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

i.      Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill his responsibilities under this Agreement;

ii.      Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

iii.    Defendant understands that any and all statements, information, and testimony that he provides must at all times be complete and truthful. If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

iv.    Defendant further specifically understands that, in the event he knowingly and willfully provides any false statements, information, or testimony, the government will be free to use against him in any prosecution, without limitation, anything and everything that Defendant has stated, provided, or testified to at any time under this agreement. In such event, Defendant hereby knowingly and voluntarily waives any right he may have to challenge – on any ground whatsoever -- the government's use in any prosecution against him of any and all statements, information, or testimony that he provides under this agreement.

2.    In exchange for Defendant's guilty plea:

a.    The government will recommend that the Court impose the lowest term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines") but not including probation or a split-sentence even if permitted under the guidelines.

b.      Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government will, at the time of sentencing, move to dismiss Count 1 of the Indictment in Case Number 07-00005, which charges Defendant with Conspiracy to Distribute of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a violation of 21 U.S.C. § 846.  The government will also, at the time of Defendant's guilty plea to the Information, move to dismiss the Indictment in Criminal Case Number 07-00006.

c.      The government will not bring any other charges against Defendant arising from or related to his conduct on or about April 10 and April 11, 2007 that were the subject of the investigation resulting in the charges contained in the Information to which Defendant is pleading guilty.

d.      The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) provided Defendant continues to demonstrate such acceptance through sentencing.

e.      As of the date of this agreement, Defendant has timely notified authorities of his intention to enter a plea of guilty.  If – and only if – Defendant:

i.      pleads guilty pursuant to this agreement;

ii.      on or before the date scheduled by the Court; and

iii      the offense level is sixteen (16) or greater,

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

f.      The government is free to recommend any combination and amount of supervised release and fines which it deems appropriate.

g.      If the government, in its sole discretion, determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range for the offense level determined by the Court. Defendant understands that the decision to file such a motion is solely up to the Office of the United States Attorney and the decision whether, and to what extent, to grant such a motion is solely up to the Court. The government recognizes that Defendant has already provided assistance in the investigation and prosecution of others and will take that cooperation into account in making its decision whether to file a 5K motion. The government, however, makes no promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

3.      The United States and Defendant stipulate to the following facts and application of the guidelines:

a.      On or about March 21, 2007, Defendant distributed approximately .23 grams of d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C).

b.      On or about April 13, 2007, Defendant Possessed With The Intent to Distribute 3.9 grams of d-methamphetamine hydrochloride in the form commonly known as "ice," contained in a small black zippered pouch recovered from his residence, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C).

c.      The total amount of "ice" involved in the offenses to which Defendant is pleading guilty is 4.13 grams.

d.     The applicable section of the Guidelines for the offenses to which

Defendant is pleading guilty is § 2D1.1.

4.     Except as expressly provided in paragraphs two (2) and three (3), above, the

parties have made no agreement concerning the facts, the guidelines, or their application to

this case.  Both parties reserve the right to present and argue evidence on all matters affecting

the guidelines calculation.

5.     The government reserves its full right of allocution, including the right to

present to any information to the Court for its consideration in fashioning an appropriate

sentence, the right to correct misstatements, misrepresentations, or omissions by the

defendant, and the right to answer without limitation any questions asked by the Court.

6.     Defendant has been advised and understands that if the Court

accepts his plea, he will be adjudged guilty of felony offenses and that such adjudication may

deprive him of certain civil rights, including:

     i.     the right to vote;

     ii.     the right to hold public office;

     iii.     the right to serve on a jury;

     iv.     the right to possess any kind of firearm; and

     v.     any rights he may have to any federal government loans, grants,

    or aid in the future.

7.     The maximum statutory penalties for the offenses to which Defendant is

pleading guilty are as follows:

    a.     up to twenty (20) years imprisonment for Distribution of a Controlled

Substance in Case No. 07- 000005;

6

b.    up to twenty (20) years imprisonment for Possession With the Intent to Distribute a Controlled Substance in the case brought by Information;

c.    a fine of one million dollars ($ 1,000,000.00) on each charge to which Defendant is pleading guilty;

d.    a term of supervised release of at least three (3) years and not more than life on each charge to which Defendant is pleading guilty; and

e.    a mandatory special assessment of one hundred dollars ($100.00) on each charge to which Defendant is pleading guilty.

If the Court were to impose consecutive sentences for the offenses to which Defendant is pleading guilty, the cumulative maximum sentences would be a term of imprisonment of up to forty (40) years, fines of two million dollars ($ 2,000,000.00), a term of supervised release of no less than three (3) years and not more than life, and mandatory special assessments of two hundred dollars ($ 200.00).

8.    Defendant agrees to pay all mandatory special assessments no later than the date of his sentencing with a money order or certified check payable to the Clerk, United States District Court.  Failure to do so, unless the Court makes a finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

9.    Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and not binding on the Court.  Defendant also understands that the Court alone makes all sentencing decisions including the application of the guidelines and the sentence to be imposed.  The Court, in its discretion, may impose any reasonable sentence up to and

including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw his guilty plea. And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences him to prison he will not be released on parole.

10.    Defendant understands that he may have the right to file a direct appeal from his conviction or sentence. Defendant knowingly and voluntarily waives any right he may have to file such an appeal. Defendant further understands that other procedures may be available to challenge his conviction or sentence. Defendant also knowingly and voluntarily waives any right he may have to file post-conviction relief actions, including actions under 28 U.S.C. §§ 2255 and 2241 and motions to reconsider or reduce his sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of his attorney after conviction.

11.    This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12.    Defendant has been advised and understands that he has the following rights:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right at trial to be presumed innocent and require the government to his guilt beyond a reasonable doubt;

d.      the right to be represented by counsel – and, if necessary, have the Court appoint counsel to represent Defendant – at trial and every other critical stage of the proceeding;

e.      the right at trial to see and hear all of the witnesses and for his counsel to cross-examine them in his defense;

f.      the right at trial to testify and present evidence but only if he voluntarily elected to do so;

g.      the right at trial to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and

h.      the right at trial, if he decided not to testify or present evidence, not to have those facts used against him and to be otherwise protected against self-incrimination. Defendant is advised and further understands that, if he pleads guilty and the Court accepts his plea, he waives all of these rights.

13.     Defendant understands that the offenses to which he is pleading guilty have separate and distinct elements.  If the case were to go to trial, the government would have to prove each of those elements beyond a reasonable doubt.

a.      Count 2 of the Indictment in Case No. 07-00005 charges Defendant with Distribution of a Controlled Substance ("Distribution").  The offense of Distribution has two (2) elements.  Those elements are:

i.      That Defendant knowingly delivered or aided and abetted in the delivery of a controlled substance, that is, a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug; and

ii.     That Defendant knew that the substance was d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug.

b.     The case brought by Information charges Defendant with Possession With the Intent to Distribute a Controlled Substance.  The offense of Possession With the Intent to Distribute a Controlled Substance has two (2) elements.  Those elements are:

i.     That Defendant knowingly possessed a controlled substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug; and

ii.     That Defendant intended to deliver or aid and abet in the delivery of that controlled substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug, to another person.

14.     This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

15.     Defendant understands that if he violates this agreement in any way, the government will have considered the agreement to have been breached.  In that event, Defendant shall not have the right to withdraw his plea of guilty.  The government, however, will be released from all obligations and restrictions imposed by the agreement.  The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

10

a.    go forward with the guilty plea and sentencing;

b.    make any and all sentencing recommendations that it deems appropriate;

c.    treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement, and go to trial on the Indictment as well as the Information;

d.    pursue additional charges against Defendant; and

e.    use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that he has provided at any time to the government, the grand jury, or to the Court.

16.    This agreement is limited to the District of the Northern Mariana Islands.  It does not bind any other federal, state, or local authorities.

17.    This agreement constitutes the entire agreement between the parties.  No other promises or inducements have been made concerning the plea in this case.  Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement.  Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

18.    Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

19.    Defendant states that he has read this agreement or had it read to him, has

discussed it with his counsel, understands it, and agrees to its provisions.


_____          6·29·07
PAUL VILLANUEVA ADA                       _____
Defendant                                 Date


_____          6-29-07
F. MATTHEW SMITH                          _____
Counsel for Defendant                     Date


_____          6/29/07
CRAIG N. MOORE                            _____
Assistant U.S. Attorney                   Date